(text box: 1) NO. 5-04-0262

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

___________________________________________________________________________

In re
 MARRIAGE OF )  Appeal from the

)  Circuit Court of

JEFFREY D. SKELTON, )  Madison County.

)

Petitioner-Appellant, )

)

and )  No. 04-D-116

)

ALESHA M. SKELTON, )  Honorable

)  Lewis E. Mallott,

Respondent-Appellee. )  Judge, presiding.

_______________________________________________________________________

JUSTICE KUEHN delivered the opinion of the court:

Jeffrey D. Skelton (Jeffrey) appeals from the trial court's April 19, 2004, order denying a portion of his request for a temporary and permanent injunction and reserving its ruling on all matters pertaining to the Skeltons' unborn child.

Jeffrey and Alesha M. Skelton (Alesha) were married in Texas on June 13, 2002.  Following the marriage, the Skeltons resided in Madison County.  Jeffrey and Alesha separated on or about January 9, 2004.  At that time, Alesha was two months pregnant.  Apparently, while Jeffrey was at work and without his advance knowledge, Alesha moved out of the marital home, returning to Texas.  

Jeffrey filed a petition for a dissolution of the marriage on February 3, 2004, in Madison County.  In this petition, he requested custody of the unborn child.  In response, Alesha filed a special and limited appearance denying that the State of Illinois had subject matter jurisdiction relative to her unborn child and his or her future custody.  In her supporting affidavit, Alesha averred that she planned to give birth to and raise this child in Texas.

Thereafter, on April 13, 2004, Jeffrey filed a motion for a temporary and permanent injunction, asking the court for the following relief:

1.  To order Alesha to move back to Illinois until the unborn child's delivery and until a temporary custody determination can be made.

2.  To order Alesha to provide advance notice of the location and time of the delivery.

3.  To restrict Alesha from naming the unborn child until a determination could be made regarding Jeffrey's rights to name the unborn child.

4.  To enjoin Alesha after the child's birth from bringing the child around her aunt and uncle.

5.  To order Alesha to provide Jeffrey with all relevant information regarding the pregnancy and her personal contact information.

On April 19, 2004, the trial court held a hearing on this motion and on Alesha's previously filed special and limited appearance in response to the dissolution petition.  At the hearing, Alesha's attorney argued that the court could not make rulings relative to the unborn child because the court lacked subject matter jurisdiction.  The trial court determined that it had jurisdiction over the parties to the dissolution proceeding–Jeffrey and Alesha–and over the marital property.  Turning to the matter of the unborn child, the court noted that the State of Illinois does not consider an unborn child as a child for purposes of the relative marital dissolution statutes.  Consequently, the court ordered Alesha to file an answer to the petition for dissolution regarding all matters except the issues involving the unborn child.  The court stated that it would retain jurisdiction over the child custody matter when it became ripe for adjudication.  Specifically addressing the request for injunctive relief, the court denied the request to order Alesha to move back to Illinois.  In so ruling, the court noted that we now live in a mobile society and that there was no basis upon which it could order her return.  The court reserved its ruling with respect to all the remaining matters, finding that in this situation the State of Illinois simply did not recognize the unborn child as a child.  In so ruling, the court acknowledged that, after the birth, some of the matters raised by Jeffrey would probably not be relevant.

From the transcript of this hearing, we know that the baby's due date was July 27, 2004.  From a motion filed after the case was argued on appeal, we know that the Skelton baby boy was born in Fort Worth, Texas, on July 15, 2004.

Jeffrey appeals.

At issue is whether the courts of the State of Illinois have subject matter jurisdiction over an unborn child in the context of a future child custody matter or other marital dissolution issue.  

Before we address the issue, we must initially decide Alesha's motion to dismiss this case on the basis that, because the baby has now been born, this court no longer has subject matter jurisdiction to render an opinion.  We agree with Alesha that the issues raised by Jeffrey on appeal are moot.  However, as we recently said in 
In re Linda W.
, "[S]ince this case involves an event of short duration that is capable of repetition yet evades review, we will address the issues raised ***."  
In re Linda W.
, 349 Ill. App. 3d 437, 442, 812 N.E.2d 49, 53 (2004) (citing 
In re Robert S.
, 341 Ill. App. 3d 238, 247, 792 N.E.2d 421, 427 (2003)).  We deny Alesha's motion to dismiss and turn to the merits of this appeal.

The standard of review on an appeal from the trial court's decision relative to a request for temporary or permanent injunctive relief is whether or not the trial court abused its discretion.  
Young v. Mory
, 294 Ill. App. 3d 839, 844, 690 N.E.2d 1040, 1043 (1998) (permanent injunction); 
C.D. Peters Construction Co. v. Tri-City Regional Port District
, 281 Ill. App. 3d 41, 46-47, 666 N.E.2d 44, 48 (1996) (temporary restraining order).

Jeffrey cites to an Illinois statute affording a man who is both the father of a viable unborn child and the spouse of the pregnant mother certain rights relative to the mother's plans to abort the child.  735 ILCS 5/11-107.1 (West 2002).  He asks this court to extend the rights granted to a husband under this statute, arguing that our legislature has recognized that matters related to a pregnancy may require intervention prior to the child's birth.  He also points out that in dissolution actions, the courts are often required to make rulings in anticipation of future events, as in the case of making determinations about the postsecondary education of minor children.

While we appreciate the concern that Jeffrey had relative to his unborn child, we must agree with the position taken by the trial court–Illinois courts simply lack jurisdiction in this type of situation over an unborn child.  Virtually everything about a dissolution of a marriage is statutory, and a deviation from these statutory guidelines typically results in a ruling that the trial court's determination was erroneous.  See, 
e.g.
, 
In re Marriage of Waller
, 339 Ill. App. 3d 743, 791 N.E.2d 674 (2003).  While our state recognizes an unborn child as a child for purposes of criminal prosecutions (see, 
e.g.
, 720 ILCS 5/9-1.2 (West 2002)) and wrongful-death actions (740 ILCS 180/2.2 (West 2002)), those situations are statutory in nature.  And the appellate court has refused to intervene on behalf of an unborn child whose mother planned to refuse certain medical treatments on religious grounds.  See 
In re Brown
, 294 Ill. App. 3d 159, 689 N.E.2d 397 (1997).  Wisconsin statutorily authorizes the filing of a paternity suit prior to a child's birth but states that except for initial pleadings and depositions for the purpose of preserving testimony, "all proceedings shall be stayed until after the birth."  Wis. Stat. §767.45(3) (2003).  We cite to this statute as an example of how a state's courts could obtain subject matter jurisdiction over an unborn child in a family court matter.  At this point, the State of Illinois has no such provision, and because we have no authority to expand the subject matter of the Illinois abortion statute cited by Jeffrey, we conclude that the trial court's ruling was correct.

Jeffrey also argues that section 4 of the Uniform Child Custody Jurisdiction Act (750 ILCS 35/4 (West 2002))
(footnote: 1) is applicable.  That statute ascertains the home state of the child at issue.  Nothing in the language of this statute addresses a situation of an unborn child or otherwise defines "child" as including unborn fetuses.  We cannot read that intent into the statute.  While not the answer that Jeffrey is seeking, the home state of his son has now been determined by his birth.

For the foregoing reasons, the judgment of the circuit court of Madison County is hereby affirmed.

Affirmed.

GOLDENHERSH and MAAG, JJ., concur.

FOOTNOTES
1:
The Uniform Child Custody Jurisdiction Act was repealed on January 1, 2004.  Pub. Act 93-108, §404, eff. January 1, 2004.  On the same date, Illinois's enactment of the Uniform Child-Custody Jurisdiction and Enforcement Act became effective.  750 ILCS 36/101 
et seq.
 (West Supp. 2003).  

COMMENTS AND ANNOTATIONS
Text Box 1:

TEXT BOXES
NOTICE

Decision filed 09/01/04.  The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.